**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

|  |  |
|---|---|
| In re: | **Post-confirmation modified** |
|  | **CHAPTER 13 PLAN** |
|  |  |
|  | Dated: June 4, 2012 |
| Bessie Stowers |  |
| DEBTOR |  |
|  | Case No. 11-37601 |

_____
*In a joint case,*
*debtor means debtors in this plan.*
_____

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**

a. As of the date of this plan, the debtor has paid the trustee $1625.00
b. After the date of this plan, the debtor will pay the trustee $740.00 per month for 39 months, beginning June, 2012 after the filing of this plan for a total of $28860.00 or until all allowed claims are paid in full, whichever happens first.
c. The debtor will also pay the trustee _____
d. The debtor will pay the trustee a total of $28860.00 fr*om the date of modification.*

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $2886.00     [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds *the remaining balance of* adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
|---|---|---|---|
| a. | $ |  | $ |
| b. | $ |  | $ |
| c. TOTAL |  |  | $ |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| a. |  |
| b. |  |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Claim* |
|---|---|
| a. Lease and Rental Management Corp | 2002 Cadillac Escalade |
| b. Wisconsin Auto Title Loans Inc | 2002 Cadillac DeVille |
| c. |  |

**6. HOME MORTGAGES** *REMAINING*  **IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following  entries are estimates.* The trustee will pay the *actual remaining balance* of amounts of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| a. American Home Mortgage | $15546.69 | $666.00 | 4 | 24 | $15546.69 |
| b. | $ | $ |  |  | $ |
| c. | $ | $ |  |  | $ |
| d. TOTAL |  |  |  |  | $15546.69 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure *the remaining balance* of defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | **Int. rate** (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | $ | | $ | | | $ |
| b. | $ | | $ | | | $ |
| c. | $ | | $ | | | $ |
| d. **TOTAL** | | | | | | **$** |

**8. OTHER *REMAINING* SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.
*Amount to be paid reflects remaining balance. Interest on the following claim has been pre-computed from earlier plan.*

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payment) | X | Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | **TOTAL PAYMENTS** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a. | $ | $ | | | $ | | | | $ | | $ | | $ |
| b. | $ | $ | | | $ | | | | $ | | $ | | $ |
| c. | $ | $ | | | $ | | | | $ | | $ | | $ |
| d. TOTAL | | | | | | | | | | | | | $ |

**9. *REMAINING* PRIORITY CLAIMS** — The trustee will pay in full *the remaining balance of* all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $1929.81* | $ 666.00 | 1 | 3 | $ 1929.81 |
| b. Domestic support | $ | $ | | | $ |
| c. IRS | $6776.45 | $PRO RATA | | | $ 6776.45 |
| d. MN Dept. of Rev. | $1517.43 | $PRO RATA | | | $ 1517.43 |
| e. Post Petition IRS | $1.00 | $PRO RATA | | | $ 1.00 |
| TOTAL | | | | | $ 10224.69 |

*Amount scheduled includes attorney's fees plus modification fees.

**10. SEPARATE CLASS OF *REMAINING* UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: _____
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | $ |
| b. | | | | | | $ |
| c. TOTAL | | | | | | $ |

**11. TIMELY FILED *REMAINING* UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of
approximately $202.62 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $_____.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $20614.00.
c. Total estimated unsecured claims are $20614.00 [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.** To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Child Support Collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify and enforce the debtor's current ongoing child support obligation, including medical support and child care, including wage withholding. If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease making mortgage payments pursuant to Paragraph 5 and/or 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan. Claims filed as secured, but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above. Tax refunds received during the term of the Plan will be paid to the Trustee as additional payments, taking into account the debtor's financial needs at that time. **Debtor(s) shall be entitled to the first $1200 for an individual and $2000 for a couple, of each year's tax refunds. Any Earned Income Credit shall be retained by the debtor(s).**

**If a foreclosure occurs on Debtor's real estate during the term of the Chapter 13 Plan the Debtor(s) shall cease making mortgage payments pursuant to Paragraph #5 or #6 of the Plan, and any remaining deficiency on all mortgages secured by the property foreclosed shall be treated as a general unsecured claim under the Plan.**

**If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated as a general, unsecured claim.**

**14. SUMMARY OF PAYMENTS** —Estimated from the date of modification
Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . . . . . $2886.00
Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... $15546.69
Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .......... . . . . . . . . . . . . . . . ... . . $
Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..................................... . . . .$
Priority Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ......... . . . . $10224.69
Separate Classes [Line 10(c)] . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..... . . . . $202.62
**TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . $28860.00**

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*

Law Office of Curtis K. Walker                              Signed /s/ Bessie Stowers_____
Curtis K. Walker, #113906                                                      Debtor
Mary C. Hoben, #335411
4356 Nicollet AV S
Minneapolis MN 55409
(612) 824-4357
                                                                           Signed_____

                                                                                    Debtor (joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:  Stowers, Bessie                    Case no. BKY 11-37601

                            Chapter 13 case
            Debtor(s),

UNSWORN CERTIFICATE OF SERVICE

I, Jennifer Nelson, declare under penalty of perjury that on June 4, 2012, I mailed copies of the foregoing Modified Plan, Notice of Hearing and Motion, Memorandum of Law, and Proposed Order by first class mail postage prepaid to each entity named below at the address stated below for each entity:

All Creditors

Executed on:   June 4, 2012                    /e/ Jennifer Nelson

| | | |
|---|---|---|
| American Home Mortgage<br>PO Box 619063<br>Dallas TX 75261-9063 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia PA 19114 7346 | ST Paul Regional Water Services<br>1900 Rice St<br>St Paul MN 55113-6810 |
| Auto Loan<br>45 Haverhill St<br>Andover MA 01810 | JC Penneys/GE Money Bank<br>Attn Bankruptcy Dept<br>PO Box 103014<br>Roswell GA  300076 | Tribute/FBOD<br>PO Bopx 10555<br>Atlanta GA 30348 |
| Capital One Bankruptcy Dept<br>PO Box 5155<br>Norcross GA  30091 | Jefferson Capital Systems<br>16 McLeland Rd<br>St Cloud MN 56303 | Usset, Weingarden & Liebo<br>Ste 300<br>4500 Park Glen Rd<br>Minneapolis MN 55416 |
| CCS/First National Bank<br>500 E 60th St N<br>Sioux Falls SD 57104 | Law Offices of Curtis K. Walker<br>4356 Nicollet Ave So<br>Minneapolis, MN 55409 | West Asset Management<br>7171 Mercy Rd<br>Omaha NE 68106 |
| Citifinancial Auto<br>4000 Regent Blvd<br>Irving TX 75063 | Lease & Rental Management<br>45 Haverhill St<br>Andover MN 01810 | Wisconsin Auto Title Loans Inc<br>1407 Coulee Road<br>Hudson, WI 54016 |
| Credit Acceptance<br>PO Box 55000 Dept 188801<br>Detroit MI 48255-1888 | Lease and Rental Management Corp<br>45 Haverhill St.<br>Andover MA 01810 | Xcel Energy<br>Chestnut Service Center<br>1518 Chestnut AV N<br>Minneapolis MN 55403 |
| First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls SD 57104 | NCO Financial Services<br>PO Box 15391<br>Wilmington DE 19850 | |
| Gurstel Chargo<br>6681 Country Club Drive<br>Golden Valley MN 55427 | Portfolio Recovery Associates<br>120 Corporate Blvd Ste 100<br>Norfolk VA 23502 | |
| Home Choice<br>878 Arcade Drive<br>St Paul MN 55106 | Rent-A-Center Inc<br>Attn: Customer Service<br>5501 Headquarters Drive<br>Plano TX 75024 | |
| HSBC Bank<br>PO Box 5253<br>Carol Stream IL 60197 | Seventh Ave<br>1112 7th Ave<br>Monroe WI 53566 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Stowers, Bessie Earle

Debtor(s)

SIGNATURE DECLARATION

Case no. BKY    11-37601

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_X_ MODIFIED CHAPTER 13 PLAN
_X_ MOTION TO CONFIRM MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I [WE], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

* The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

* The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;

* [individual debtors only] If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;

* I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and

* [corporate and partnership debtors only] I have been authorized to file this petition on behalf of the debtor.

X Date: 06-01-12

X  *Bessie Stowers*                                    X _____
Signature of Debtor or Authorized Representative        Signature of Joint Debtor

Bessie E Stowers                                        _____
Printed Name of Debtor or Authorized Representative     Printed Name of Joint Debtor